The Honorable Karen A. Overstreet
Adversary

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Case No.: 12-11794-KAO |
| | Chapter 7 |
| VASILIOS GEORGE TRAPALIS, | |
| Debtor. | |
| VIRGINIA A. BURDETTE, Chapter 7 Trustee, | Adversary No.: |
| Plaintiff, | |
| v. | |
| DOMINIC A. D'ANGELO and MARJIE M. D'ANGELO, trustees of the DOMINIC A. AND MARJIE M. D'ANGELO FAMILY TRUST, | PLAINTIFF'S COMPLAINT TO AVOID AND RECOVER A PREFERENTIAL AND FRAUDULENT TRANSFER |
| Defendants. | |

COMES NOW Virginia A. Burdette, Chapter 7 Trustee (hereinafter "Trustee" or "Plaintiff"), by the undersigned attorney, and shows the Court as follows:

## I. Nature of the Proceedings

1. On February 29, 2012, Vasilios George Trapalis ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

COMPLAINT TO AVOID AND RECOVER A
PREFERENTIAL AND FRAUDULENT TRANSFER - 1

WINSLOW LAW GROUP, PLLC
100 W. HARRISON STREET
SUITE 540, SOUTH TOWER
SEATTLE, WA 98119
PHONE: (206) 282-4900
FACSIMILE: (206) 282-6537

Case 12-01898-MLB    Doc 1    Filed 10/15/12    Ent. 10/15/12 13:25:38    Pg. 1 of 6

2. This adversary proceeding is one arising in the Chapter 7 case of the Debtor, case number 12-11794-KAO, now pending in this Court.

## II. Jurisdiction and Venue

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 and 11 U.S.C. §§ 547 and 548.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (H).

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1409(a).

## III. Parties

6. Plaintiff is the duly qualified and acting Trustee of the Estate of the above-named Debtor.

7. Winslow Law Group, PLLC, has been retained as Special Counsel to the Trustee and brings this action on her behalf.

8. The Defendants, Dominic A. D'Angelo and Marjie M. D'Angelo, are the trustees of the Dominic A. and Marjie M. D'Angelo Family Trust (hereinafter the "Trust").

9. The Defendants reside at 7018 150th Place SW, Edmonds, Washington 98026, and may be served at such address as trustees of the Trust.

## IV. First Cause of Action: Avoidance of Preferential Transfer under 11 U.S.C. § 547(b).

10. On or about December 8, 2011, and within the ninety (90) days prior to the filing of the voluntary petition commencing this case, Debtor transferred 1,682,653 shares of Coenzyme-A Technologies, Inc. d/b/a Pro-Pointer, Inc. common stock to the Trust.

11. Mr. D'Angelo, one of the trustees of the Trust, is an unsecured creditor of the Debtor.

12. This transfer was of an interest of the Debtor in property for or on account of an antecedent debt owed by the Debtor to Mr. D'Angelo prior to the transfer being made.

13. The transfer was to the Trust and for the benefit of the Defendants.

14. At the time of said transfer, the Debtor was insolvent.

COMPLAINT TO AVOID AND RECOVER A PREFERENTIAL AND FRAUDULENT TRANSFER - 2

WINSLOW LAW GROUP, PLLC
100 W. HARRISON STREET
SUITE 540, SOUTH TOWER
SEATTLE, WA 98119
PHONE: (206) 282-4900
FACSIMILE: (206) 282-6537

Case 12-01898-MLB    Doc 1    Filed 10/15/12    Ent. 10/15/12 13:25:38    Pg. 2 of 6

15. At the time of said transfer, Mr. D'Angelo valued the stock at $.18434 per share. The 1,682,653 shares of common stock transferred to the Trust were valued by Mr. D'Angelo at $310,180.25 on December 8, 2011, the date of the stock transfer.

16. Upon information and belief, the actual value of the stock transferred was $.50 per share for the week ending December 5, 2011, and &.70 per share for the week ending December 12, 2011. The actual value of the stock at or around the time of transfer is believed to be between $841,326.50 and $1,177,857.10.

17. The stock transfer enabled Mr. D'Angelo, through the transfer to the Trust, to receive more than he would have received under Chapter 7 of the Code had the transfer not been made.

18. The stock transfer constitutes an avoidable preference under 11 U.S.C. §547(b). The value of the stock on the date of transfer is recoverable from Defendants under the provisions of 11 U.S.C. §550.

19. On August 2, 2012, Plaintiff made written demand on Mr. D'Angelo, as one of the two trustees of the Trust, to recover the value of the transferred stock as of the date of the stock transfer.

20. On August 21, 2012, Plaintiff again made written demand on Mr. D'Angelo, through Defendants' Counsel and as one of the two trustees of Trust, to recover the value of the transferred stock as of the date of the stock transfer.

21. Defendants have not honored Plaintiff's demands.

22. By reason of the foregoing, the stock transfer should be avoided as preferential.

23. Defendants are liable to Plaintiff for an amount between $841,326.50 and $1,177,857.10, the value of the transferred stock as of the date of transfer, December 8, 2011.

///

///

///

COMPLAINT TO AVOID AND RECOVER A
PREFERENTIAL AND FRAUDULENT TRANSFER - 3

WINSLOW LAW GROUP, PLLC
100 W. HARRISON STREET
SUITE 540, SOUTH TOWER
SEATTLE, WA 98119
PHONE: (206) 282-4900
FACSIMILE: (206) 282-6537

Case 12-01898-MLB    Doc 1    Filed 10/15/12    Ent. 10/15/12 13:25:38    Pg. 3 of 6

## V. Second Cause of Action: Avoidance of Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B).

24. Debtor, while insolvent, did, within one year of the filing of the above-mentioned petition in bankruptcy, convey and transfer to the Trust, 1,682,653 shares of Coenzyme-A Technologies, Inc. d/b/a Pro-Pointer, Inc. common stock reasonably valued between $841,326.50 and $1,177,857.10 as of December 8, 2011.

25. No consideration was given to Debtor for the transfer of the stock.

26. Debtor received less than reasonably equivalent value in exchange for the stock.

27. Debtor was insolvent on the date the stock transfer was made, or became insolvent as a result of the stock transfer.

28. The transferred property is not exempt from execution and liability for debts by the laws of the State of Washington; and, by virtue of the bankruptcy laws of the United States, the value of the transferred property should have remained a part of the assets and estate of the Debtor.

29. Plaintiff, on August 2 and August 21, 2012, and prior to commencement of this action, demanded return of the value of the property at the time of transfer, December 8, 2011.

30. Defendants refused and still refuse to deliver the property's value to Plaintiff.

31. By reason of the foregoing, the stock transfer should be avoided as a fraudulent transfer.

32. Defendants are liable to Plaintiff for an amount between $841,326.50 and $1,177,857.10, the value of the transferred stock as of the date of transfer, December 8, 2011.

## VI. Third Cause of Action: Recovery of the Value of the Preferential and Fraudulent Transfer as of the Date of the Transfer under 11 U.S.C. § 550(a)(1).

33. By reason of the stock transfer being avoidable and avoided as a preferential transfer under 11 U.S.C. § 547(b), and by reason of the stock transfer being avoidable and avoided as a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B), Plaintiff is entitled to recover the value of the stock as of the date of transfer, December 8, 2011.

COMPLAINT TO AVOID AND RECOVER A
PREFERENTIAL AND FRAUDULENT TRANSFER - 4

WINSLOW LAW GROUP, PLLC
100 W. HARRISON STREET
SUITE 540, SOUTH TOWER
SEATTLE, WA 98119
PHONE: (206) 282-4900
FACSIMILE: (206) 282-6537

Case 12-01898-MLB    Doc 1    Filed 10/15/12    Ent. 10/15/12 13:25:38    Pg. 4 of 6

34. The value of the stock on December 8, 2011, was $.18434 per share according to Mr. D'Angelo. The total value of the 1,682,653 shares of common stock transferred to the Trust was $310,180.25 on the date of transfer according to Mr. D'Angelo.

35. Upon information and belief, the actual value of the stock transferred was $.50 per share for the week ending December 5, 2011, and $.70 per share for the week ending December 12, 2011. The actual value of the stock at or around the time of transfer is believed to be between $841,326.50 and $1,177,857.10.

36. Defendants are liable to Plaintiff for an amount between $841,326.50 and $1,177,857.10, the value of the transferred stock as of the date of transfer, December 8, 2011.

## VII. Fourth Cause of Action: Avoidance and Recovery of Fraudulent Transfer under the Uniform Fraudulent Transfer Act, Chapter 19.40 RCW.

37. Debtor did, within one year of the filing of the above-mentioned petition in bankruptcy, convey and transfer to the Defendants 1,682,653 shares of Coenzyme-A Technologies, Inc. d/b/a Pro-Pointer, Inc. common stock reasonably valued at between $841,326.50 and $1,177,857.10 as of December 8, 2011.

38. No consideration was paid to Debtor for the transfer of stock.

39. Debtor received less than reasonably equivalent value in exchange for the stock.

40. Debtor was insolvent, as defined under RCW 19.40.021, because the sum of Debtor's debts was greater than all of Debtor's assets at the time of the transfer.

41. The stock transfer was fraudulent under RCW 19.40.051 of the Uniform Fraudulent Transfer Act of Washington.

42. By reason of the foregoing, Defendants are liable to Plaintiff in the sum of the value of the transferred stock as of the date of transfer, December 8, 2011.

43. Plaintiff is entitled to recover the value of the stock as of the date of transfer, between $841,326.50 and $1,177,857.10, pursuant to RCW 19.40.081.

COMPLAINT TO AVOID AND RECOVER A
PREFERENTIAL AND FRAUDULENT TRANSFER - 5

WINSLOW LAW GROUP, PLLC
100 W. HARRISON STREET
SUITE 540, SOUTH TOWER
SEATTLE, WA 98119
PHONE: (206) 282-4900
FACSIMILE: (206) 282-6537

Case 12-01898-MLB    Doc 1    Filed 10/15/12    Ent. 10/15/12 13:25:38    Pg. 5 of 6

## VIII. Request for Relief

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants as follows:

44. Declare that the transfer made to Defendants is preferential and avoidable and avoid and set aside such transfer as preferential;

45. Declare that the transfer made to Defendants is fraudulent and avoidable and avoid and set aside such transfer as fraudulent;

46. Direct Defendants to pay to Plaintiff the value of the stock at the time of transfer, between $841,326.50 and $1,177,857.10, together with pre-judgment and post-judgment interest and Plaintiff's costs;

47. Grant Plaintiff all other and further relief as is just and proper.

DATED this 15th day of October, 2012.

**Winslow Law Group, PLLC**

*/s/ Ashton T. Rezayat*
Ashton T. Rezayat, WSBA #44419
Special Counsel to the Plaintiff

COMPLAINT TO AVOID AND RECOVER A PREFERENTIAL AND FRAUDULENT TRANSFER - 6

**WINSLOW LAW GROUP, PLLC**
100 W. HARRISON STREET
SUITE 540, SOUTH TOWER
SEATTLE, WA 98119
PHONE: (206) 282-4900
FACSIMILE: (206) 282-6537

Case 12-01898-MLB    Doc 1    Filed 10/15/12    Ent. 10/15/12 13:25:38    Pg. 6 of 6